233 P.3d 12

**Berneta DELUNA, Plaintiff–Appellant,**

v.

**STATE FARM FIRE AND CASUALTY COMPANY, Defendant–Respondent.**

**No. 34202.**

Supreme Court of Idaho,
Boise, June 2008 Term.

July 1, 2008.

Paine Hamblen LLP, Coeur d'Alene, for appellant. Michael B. Hague argued.

Elam & Burke, P.A., Boise, for respondent. Jeffrey A. Thomson argued.

J. JONES, Justice.

Berneta Deluna brought this action against State Farm Fire and Casualty Company ("State Farm") to collect the amount of a judgment she obtained against Stuart Kramsky, a State Farm insured. On cross-motions for summary judgment, the district court held State Farm breached its duty to

defend Kramsky, who had assigned his rights to Deluna, but determined that Deluna had established no compensable damages resulting from the breach. The court found State Farm had no duty to indemnify under Kramsky's policy. Deluna appealed to this Court, and we affirm.

## I.

Stuart Kramsky operated an insurance agency in Post Falls, Idaho, selling Allstate Insurance. Kramsky owned a business policy issued by State Farm that provided liability coverage for injuries resulting from his business operations.

In January 2000, Kramsky engaged Berneta Deluna as an independent contractor to act as a general office assistant in his agency. Shortly after she started work, the relationship between the two took on sexual overtones. Kramsky apparently made the first overtures while the two were at work. Not long after, Kramsky invited Deluna to dinner. After another dinner at his home, the two engaged in sexual intercourse, but not before Deluna inquired whether Kramsky needed to wear protection. He told her he did not, and so the two had unprotected sex.

Kramsky failed to inform Deluna that he had tested positive for the herpes simplex virus many years before, around 1978 or 1979. Because many years had passed without Kramsky experiencing any symptoms of the disease and because, in fifteen years of marriage, he had never transmitted the incurable disease to his then-wife, Kramsky believed he was not at risk for transmitting the disease. Deluna and Kramsky had sex several more times, and at some point, she contracted herpes. Deluna worked for Kramsky for around ten weeks. At some point, Deluna began feeling soreness and pain in her genital region. She resisted Kramsky's advances one day, and three days later he fired her. The two continued to have sex, however, even after Deluna discovered she was infected with herpes.

The relationship later ended, and Deluna decided to sue Kramsky. In early 2001, she sent an unfiled complaint to Kramsky. Kramsky notified his two insurance carriers, State Farm and Allstate Insurance, of the potential suit and both initially provided him with counsel. State Farm sent Kramsky three "reservation of rights" letters regarding the unfiled complaint. The third letter informed Kramsky that it would withdraw its representation in the event a scheduled mediation did not resolve the claim. The mediation was unsuccessful, and State Farm withdrew shortly thereafter.

In 2002, Deluna filed a complaint that substantially differed from the original unfiled complaint. Kramsky tendered the defense of the filed complaint (*Deluna v. Kramsky*) to State Farm. State Farm formally rejected the defense. State Farm sent another reservation of rights letter, stating in part,

> State Farm Fire and Casualty Company has no duty to defend or indemnify you under this policy. It is our opinion that there is no coverage for the alleged bodily injury to the plaintiff for the reason that the alleged conduct did not arise out of the course of your business and was not 'with respect to the conduct of a business.'

Thereafter, Kramsky proceeded to defend the action *pro se*.

Deluna and Kramsky eventually executed an assignment of rights agreement ("Agreement"). The Agreement detailed Kramsky's attempts to get State Farm to both defend and indemnify him in *Deluna v. Kramsky*. The Agreement recited Kramsky's inability to afford private counsel and the likelihood that he would be unable to satisfy a judgment obtained against him by Deluna. The parties agreed Deluna could proceed to trial without Kramsky's appearance or defense. Kramsky assigned to Deluna his rights to indemnity under the State Farm policy. Deluna, in turn, agreed that she would not seek satisfaction against Kramsky's personal assets or property.

*Deluna v. Kramsky* went to trial. Kramsky did not appear. The judge issued an opinion dismissing four of the six causes of action, while granting a $1,282,596.32 judgment to Deluna on the two remaining claims (negligent transmission of the herpes virus and negligent infliction of emotional distress). Deluna then filed a complaint against State Farm in order to recover the amount of the

judgment, thus beginning the present case. Both Deluna and State Farm moved for summary judgment. The district court found that Deluna possessed Kramsky's rights against State Farm by virtue of the Agreement. The judge determined State Farm had a duty to defend Kramsky in *Deluna v. Kramsky,* which it failed to do, but that Deluna had shown no compensable damages. The judge ruled that State Farm was not required to pay the damages Deluna obtained in *Deluna v. Kramsky* because her injury was not covered under Kramsky's insurance policy. Deluna appealed to this Court.

## II.

We are asked to decide the measure of damages where an insurer breaches its duty to defend. Deluna contends that the district court erred in concluding that an insured may only recover the costs and attorney fees incurred in defending an action where the insurer improperly fails to provide a defense. State Farm contends the district court correctly decided the issue. Both parties seek attorney fees on appeal.

## A.

■■■ When reviewing an order for summary judgment, the standard of review for this Court is the same standard used by the district court in ruling on the motion. *Watson v. Weick,* 141 Idaho 500, 504, 112 P.3d 788, 792 (2005). Summary judgment is proper when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Idaho R. Civ. P. 56(c). If there is no genuine issue of material fact, "only a question of law remains, over which this Court exercises free review." *Watson,* 141 Idaho at 504, 112 P.3d at 792.

## B.

State Farm asserted in the action below that it had no duty to defend Kramsky. The district court found otherwise and State Farm has not appealed that decision. We nevertheless set out the legal posture of the case to highlight the manner in which a legitimate dispute regarding the duty to defend ought to be resolved.

■■■ An insurance company's duty to defend arises "where a complaint, read broadly, reveals 'a *potential* for liability that would be covered by the insured's policy.'" *City of Idaho Falls v. Home Indem. Co.,* 126 Idaho 604, 608, 888 P.2d 383, 387 (1995) (quoting *Kootenai County v. Western Cas. & Sur.,* 113 Idaho 908, 910, 750 P.2d 87, 89 (1988)). "[T]he duty to defend clearly exists so long as there is a genuine dispute over facts bearing on coverage under the policy or over the application of the policy's language to the facts." *Black v. Fireman's Fund Am. Ins. Co.,* 115 Idaho 449, 455, 767 P.2d 824, 830 (Ct.App.1989).

In this case, Deluna's complaint triggered State Farm's duty to defend. Deluna alleged several causes of action: negligent transmission of herpes, negligent infliction of emotional distress, intentional infliction of emotional distress, fraud, and battery. The complaint alleged Kramsky manipulated his position as Deluna's boss to have sex with her and that he failed to timely pay her, due to their sexual relationship. Read broadly, Deluna's complaint reveals a potential for liability under the business liability policy. Her claims are premised on the notion that Kramsky used his position as her boss to coerce her into having sex with him, resulting in her damages. Kramsky's policy provided coverage for "[b]odily injury or property damage caused by an occurrence which takes place in the coverage territory during the policy period." The transmission of herpes can properly be characterized as a bodily injury and, since Deluna's complaint alleged that Kramsky used his position as her boss to seduce her, a broad reading of the complaint reveals a potential for coverage.

■■■ The district court found State Farm breached its duty to defend Kramsky when it withdrew its representation. State Farm failed to follow the prudent and generally-accepted practice when it withdrew from representation.

The proper procedure for the insurer to take is to evaluate the claims and determine whether an arguable potential exists for a claim covered by the policy; if so, then the insurer must immediately step in and defend the suit. At the same time, if the insurer believes that the policy itself provides a basis, i.e., an exclusion, for non-coverage, it may seek declaratory relief. *Kootenai County,* 113 Idaho at 911, 750 P.2d at 90. State Farm failed to seek declaratory relief when Kramsky demanded a defense of Deluna's claim against him. Its failure in this regard is highlighted by Allstate's withdrawal from representing Kramsky only after it sought and obtained a declaratory ruling that its policy did not cover Deluna's injuries. State Farm would have been well advised to have done the same.

### C.

This Court has held an insurer is not allowed to "guess wrong" when it determines the potential for coverage under a policy. *Id.* We are asked to state the repercussions that flow from a wrong guess. Deluna contends State Farm's failure to defend Kramsky automatically triggered its duty to indemnify him. State Farm acknowledges it had a duty to indemnify for any sums Kramsky was legally obligated to pay as damages for bodily injury to Deluna, but only with respect to injuries she sustained within the "conduct of his business."

■ The duty to defend and duty to indemnify are separate, independent duties. As the Court of Appeals stated in *Hirst v. St. Paul Fire & Marine Ins. Co.,* 106 Idaho 792, 683 P.2d 440 (Ct.App.1984), "It is ... well established that the duty of an insurer to defend, for the protection of the insured, is a separate, unrelated and broader obligation than a duty to pay for damages under the insurance policy." *Id.* at 798, 683 P.2d at 446. *Hirst* concluded the duty to indemnify is triggered only where an insurance company would be obligated to pay the underlying action regardless of how it fulfilled its duty to defend. We agree.

■ Deluna argues that an insurer, having breached its duty to defend, is not entitled to relitigate an underlying action following a settlement or judgment, citing the *City of Idaho Falls* case. 126 Idaho at 610, 888 P.2d at 389. However, in *Hirst,* the Court of Appeals correctly stated: "[W]here an insurance company has wrongfully refused to defend, it may nevertheless in a subsequent action on the policy attempt to show that the liability is not covered by the policy." 106 Idaho at 799, 683 P.2d at 447 (quoting *Afcan v. Mutual Fire, Marine and Inland Ins. Co.,* 595 P.2d 638, 647 (1979)). In *Afcan,* the Alaska Supreme Court was considering a situation where liability was imposed by a settlement agreement involving claims that fell both within and outside of the policy. The Court explained that an insurer would be liable up to policy limits if the claims fell within policy coverage, but would not be liable if the claims were outside policy coverage. *Afcan,* 595 P.2d at 647. In this case, State Farm is not attempting to relitigate the judgment in *Deluna v. Kramsky.* Instead, it attempts only to show that Deluna's claims fell outside Kramsky's business insurance policy and it is entitled to do so.

■ In *Deluna v. Kramsky,* the district court found Kramsky liable for negligent transmission of herpes and negligent infliction of emotional distress. The court found no credible evidence to support a finding of liability for intentional infliction of emotional distress, fraud, battery, or punitive damages. The court acknowledged that the relationship between Deluna and Kramsky began at work, but concluded that Deluna's injuries arose from the transmission of herpes— which was not business-related. Even if the sexual relationship was not entirely consensual on Deluna's part, the transmission of herpes has no relation to the conduct of Kramsky's insurance business.

■ *Hirst* is instructive because the factual posture there was similar to the situation here. In *Hirst,* parents executed a settlement in a suit against a doctor who sexually molested their son while treating him. 106 Idaho at 794, 683 P.2d at 442. The parents then sued the doctor's business insurance provider, who had refused to defend the doctor, in order to recover the amount of the settlement. *Id.* On summary judgment, the

district court determined the insurance company had breached its duty to defend the suit against the doctor, but that it was not liable for the settlement because the actions alleged in the complaint were not covered by the terms of the policy. *Id.* On appeal, the Court of Appeals affirmed. The court adopted the "Alaska Rule," holding that an insurer is liable for the reasonable costs and attorney fees incurred by the insured in the defense and settlement of a claim that revealed "potential" liability. *Id.* at 799, 683 P.2d at 447 (quoting *Afcan,* 595 P.2d at 646). The Court of Appeals declined to adopt the "Illinois Rule," which holds that an insurer is estopped from denying coverage if it fails to defend a suit. *Id.* The Illinois Rule results in an insurer garnering liability for the costs of defending a suit, the amount recovered from the insured by way of judgment or settlement, and any additional damages caused by the breach of duty to defend. *Id.* (citing *Solo Cup Co. v. Federal Ins. Co.,* 619 F.2d 1178, 1184 (7th Cir.1980)). The Court of Appeals rejected the Illinois Rule because it viewed it as a punitive measure for breach of a contractual duty. *Hirst,* 106 Idaho at 799, 683 P.2d at 447. The court indicated contractual remedies were more apposite for a breach of the duty to defend, holding the non-breaching party should be fully recompensed for the breach, but the insurance company should not be punished. *Id.* We agree with the Court of Appeals' holding. The proper measure of damages for breach of a contractual duty, including an insurer's duty to defend, is contract damages. In a situation such as this, damages would include attorney fees and costs for defending the claim, together with any other damages shown to be a result of the breach.

In this case, State Farm breached its duty to defend, entitling Deluna to recover Kramsky's defense costs by virtue of the Agreement. However, since Kramsky defended *pro se,* no attorney fees were recoverable. *Curtis v. Campbell,* 105 Idaho 705, 707, 672 P.2d 1035, 1037 (1983). Deluna did not plead or prove any other damages resulting from the breach. We find no error in the ruling of the district court and we therefore affirm.

### D.

Both parties requested attorney fees on appeal. Deluna cites I.C. § 41–1839 and I.C. § 12–120 as the bases for her request. However, since she did not prevail on appeal she has no claim to fees.

State Farm requested attorney fees under Idaho App. R. 41 and I.C. § 41–1839(4). I.C. § 41–1839(4) is the "exclusive remedy for the award of statutory attorney's fees in all actions between insureds and insurers involving disputes arising under policies of insurance." The section also allows the Court to award attorney fees when it finds that a case was brought, pursued, or defended frivolously, unreasonably or without foundation. *Id.* However, this Court will not award attorney fees on appeal unless "all claims brought or all defenses asserted" meet the above criteria. *Slaathaug v. Allstate Ins. Co.,* 132 Idaho 705, 711, 979 P.2d 107, 113 (1999). This case presented a legitimate issue—the measure of damages available for a breach of the duty of an insurer to provide a defense to an insured—upon which this Court has not previously issued a definitive ruling. Thus, State Farm is not entitled to attorney fees.

### III.

We affirm the district court. Costs are awarded to State Farm.

Chief Justice EISMANN, and Justices BURDICK, W. JONES, Pro Tem KIDWELL concur.